SELINA M. DALEY *vs.* CLINTON N. RYDER.

MAY 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit. The jury returned a verdict for the plaintiff for $639.15 and the case is here on the plaintiff's exception to the action of the trial justice granting the defendant's motion for a new trial.

On April 25, 1928, the plaintiff and defendant entered into a written agreement for the purchase and sale of a house and lot owned by the defendant. It appears from the terms of said agreement that the plaintiff agreed to pay $500 in cash, execute mortgages for the balance of the purchase price, and board the defendant for $30 per month. Upon the signing of said agreement the plaintiff made the cash payment of $500 and moved into the house and thereafter occupied the same until January 23, 1929, the day before this action was tried.

On July 11, 1928, the defendant not having tendered a deed, the plaintiff brought this suit to recover the amount of the cash payment plus a small sum which she had expended in repairing the house.

The written agreement specified no time for delivery of a deed, and the defendant contends that the plaintiff knew when the agreement was executed that defendant had been temporarily enjoined from transferring the property and agreed to accept a deed and complete the purchase whenever the injunction should be dissolved. The plaintiff denied having such knowledge and making such agreement. This denial raised the main issue in the case. The jury found for the plaintiff. One of the grounds upon which the defendant's motion for a new trial was based was the ground of newly discovered evidence. Defendant filed affidavits of two persons to the effect that the plaintiff had admitted in their presence that she knew when the agreement was executed that defendant had been enjoined from transferring the property and that she understood that a conveyance would not be made to her until the injunction was dissolved. We think the trial justice was warranted in granting a new trial on the ground of newly discovered evidence. Furthermore, it is evident that the trial justice did not believe the plaintiff's testimony. She testified that it was agreed at the time of the execution of the written agreement that the deed would be delivered within ten days. If the parties had agreed upon some definite period within

which a deed would be delivered it would have been natural to recite the facts in the written agreement. Again, there appears to be no reasonable explanation of her taking immediate possession, instead of waiting until the transaction was completed, if she expected to obtain a deed within ten days.

We are unable to say that the action of the trial justice in granting a new trial was clearly erroneous. See *Reddington* v. *Getchell*, 40 R. I. 463; *Frain* v. *Brady*, 48 R. I. 24; *Zoglio* v. *Waterman Co.*, 39 R. I. 396; *Joslin* v. *Rhodes*, 45 R. I. 371.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for a new trial.

*Vance & Vance*, for plaintiff.

*Thomas P. Corcoran, Charles E. Mangan*, for defendant.